IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



FILED
SEP 27 2016
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UDAP INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BUSHWACKER BACKPACK & SUPPLY CO., d/b/a Counter Assault, <br><br> Defendant. | CV 16-27-BU-BMM-JCL <br><br> PROTECTIVE ORDER |

This matter comes before the Court on the unopposed motion of the parties, by and through their attorneys, for the entry of a Stipulated Protective Order governing the disclosure and handling of information provided or produced by any party that may be protected by Federal Rule of Civil Procedure 26(c)(1)(G). The Court Orders as follows:

1.  This Protective Order governs the handling of all information provided or produced by any party in connection with the above-captioned matter and designated as "Protected Information" as set forth below, including, but not limited to, all documents, written, recorded or electronically-stored information, answers to interrogatories, responses to requests for admissions, and deposition

testimony.

2.  A party may designate as "Protected Information" any information that the party in good faith believes constitutes a trade secret or other confidential research, confidential development, confidential commercial/business/competitive information, or confidential financial information (specifically, wage/salary/bonus information, tax returns, financial statements, profit/loss statements, advertising expenditures, and loan/credit applications, loan/credit information, insurance applications, insurance premiums, insurance policies, and insurance proceeds) ("the Protected Information"). Only information that a party in good faith deems to contain Protected Information shall be so designated, and such designation by a party shall constitute a certification by such party and its/her/his counsel that they are of the belief that such designation has been made in good faith, that there are substantial reasons to believe the information constitutes Protected Information within the meaning of this Order, and that there is good cause for the Protected Information to be treated differently than other information produced during the course of this litigation and good cause for the terms of this Order to be applied to the Protected Information. This Order applies only to information that becomes qualified as "Protected Information" as that phrase is described in this paragraph, subject to the procedures described in Paragraph 3 hereof.

3. Any party may object to the designation of information as "Protected Information" by providing the designating party with written notice within 14 days of the designation. The parties will attempt to resolve the objection without involvement of the Court through meet and confer efforts within 7 days of the date of the written objection. If the parties cannot resolve the objection, the party seeking protection may file a motion with the Court requesting that the Court determine whether the disputed information qualifies as Protected Information subject to the terms of this Order. This motion shall be filed no later than 14 days after the objecting party provides written notice to the producing party that its objection has not been satisfactorily resolved. The party seeking protection shall have the burden of establishing that the information in question qualifies as Protected Information as that term is defined in this Order, that there is good cause that the information be treated differently than other information produced during the course of this litigation, and that there is good cause for the terms of this Order to be applied to the information. Until the Court resolves the motion, the information designated as "Protected Information" shall remain subject to this Order. If a motion is not filed by the party seeking protection within the 14 day period, the information that was the subject of the objection shall not be considered to be Protected Information and shall not be subject to the terms of this

Order.

4. A party may designate information as Protected Information only if that information is defined as "Protected Information" in Paragraph 2. Such designation may be made provisionally by stamping or labeling documents "Protected Information." The information shall be treated as protected by the terms of this Order only if the information has qualified as Protected Information following the procedures described in Paragraphs 2 and 3. A party may designate relevant portions of deposition testimony as "Protected Information" within the meaning of this Order either orally or on the record or in writing within 14 days after the transcript is made available—but only if that information constitutes "Protected Information." Only the relevant portions of the deposition transcript that concern the Protected Information shall be protected by the terms of this Order.

5. Provision for use of the Protected Information at trial shall be made by agreement or by Pretrial Order governing the use and protection of the record.

6. Protected Information may be disclosed only to: (a) the above-named parties and their insurers; (b) the parties' attorneys, including support personnel and any regular and temporary employees and service vendors of such attorneys, including outside copying and litigation support services; (c) any experts or

consultants retained and/or consulted by said parties in connection with the above-captioned matter, including their support personnel; (d) actual or potential witnesses in deposition or at trial; (e) any person attending a deposition being conducted in this case; (f) interviewed individuals whom counsel have a good faith belief have knowledge concerning the subject matter described in the Protected Information; (g) the Court and court reporters, including deposition court reporters and their staffs; (h) any mediator appointed by the Court or agreed to by the parties; and (i) any other person to whom the producing party agrees in writing the information may be disclosed. Disclosure shall be made to such persons only as necessary for the prosecution or defense of this lawsuit, and only after the persons to whom disclosure is made have been informed of the terms of this Order and agree to be bound by it. Protected Information shall not be disclosed to any person or in any manner not specified in this Order or for any purpose other than the prosecution or defense of this lawsuit. Protected Information shall not be used as a basis for any other lawsuit, nor shall Protected Information be used for business advantage or any other competitive purpose. To the extent Protected Information is provided to any person described in subparts (c), (d), (e), (f) or (i) hereof, disclosure to any such person shall only be made after the person has executed the Undertaking attached as Exhibit A to this Order.

7. The parties shall act to preserve the confidentiality of Protected Information. Protected Information shall not be copied, scanned, disseminated, or otherwise divulged or revealed in any way to anyone, except as provided herein. In conjunction with the filing of a pleading, motion, brief, or other document, the parties agree the party seeking to file the Protected Information shall seek leave to file the document containing Protected Information under seal in accordance with L.R. 5.1 and make the requisite showing under *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

8. If a party discloses Protected Information prior to the entry of this Order, or at any time inadvertently produces Protected Information without designation, such party may subsequently identify the Protected Information as such by notifying the receiving party in writing within a reasonable time, but no later than thirty (30) days after the entry of this Order or the inadvertent production, whichever is later, in which case the information shall be deemed Protected Information for purposes of this Order as if such designation had been made prior to its production and shall be treated appropriately from the date written notice of such designation is provided to the receiving party.

9. If any party wishes to modify this Order or its application to certain information, the party shall first request such modification from the other parties,

and if no satisfactory agreement is reached, may petition the Court for modification of this Order. Until modification is granted by agreement or Order, the terms of this Order will govern.

10. Nothing in this Protective Order shall be construed as a waiver of any objection to the production of documents, waiver of any privilege or work-product protection, or as an agreement that the document is admissible at trial.

11. If any Protected Information is sought through discovery from a party in any other judicial or administrative proceeding, the party who produced the Protected Information will be immediately notified so as to permit that party an opportunity to seek a protective order from the appropriate court.

12. Upon termination of this lawsuit, by judgment or settlement, counsel for the respective parties shall take the following steps to assure the protection of the documents and information. To the extent any Protected Information has been provided to counsel's clients or any consulting or designated expert, counsel who provided the Protected Information to the client or expert shall ascertain that the documents have either been returned to counsel or have been destroyed by the client, consulting expert, or designated expert. Counsel may retain such documents in their own possession pursuant to the document retention policies of such counsel or his/her law firm, but to the extent such documents or information

may be retained, the documents and information shall remain fully protected by the provisions of this Order, and the Court shall have continuing jurisdiction to enforce its terms.

ORDERED this 27th day of September, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge